# EXHIBIT A


**CITY NATIONAL BANK**
The way up.™

**TERM NOTE**
(Interest Tied to Prime)

$1,497,500.00

Loan No. 65490
Note No. 00003
2001 North Main Street, Suite 200
Walnut Creek, CA 94596
June 3, 2013

For value received, the undersigned, H. Tim Hoffman (the "Borrower"), promises to pay to the order of City National Bank, a national banking association ("CNB"), at its office in this city, in lawful money of the United States of America and in immediately available funds, the principal sum of ONE MILLION FOUR HUNDRED NINETY-SEVEN THOUSAND FIVE HUNDRED AND NO/100THS DOLLARS ($1,497,500.00), with interest thereon from the date of disbursement at a rate computed on a basis of a 360-day year, actual days elapsed, equal to the greater of (a) three and one-half percent (3.50%) per year, or (b) the "Prime Rate" of CNB, as it exists from time to time plus one and three-quarters percent (1.75%) per year. "Prime Rate" shall mean the rate most recently announced by CNB at its principal office in Los Angeles, California, as its "Prime Rate." Any change in the Prime Rate shall become effective on the same business day on which the Prime Rate shall change, without prior notice to Borrower.

Interest accrued on this Note shall be payable on the 15th day of each month, commencing June 15, 2013. One principal payment in the amount of $25,000.00 will be due and payable June 30, 2013.

Principal and any interest remaining unpaid shall be payable in full on September 15, 2013.

Borrower shall pay to CNB a late charge of 5.00% or $10.00, whichever is greater, of any payment not received by CNB on or before the 10th day after the payment is due.

The occurrence of any of the following with respect to any Borrower shall constitute an "Event of Default" hereunder:

1.    Failure to make any payment of principal or interest when due under this Note;

2.    Filing of a petition by or against any of such parties under any provision of the *Bankruptcy Code*;

3.    Appointment of a receiver or an assignee for the benefit of creditors;

4.    Commencement of dissolution or liquidation proceedings or the disqualification (under any applicable law or regulation) of any of such parties which is a corporation, partnership, joint venture or any other type of entity;

5.    Death or incapacity of any of such parties which is an individual;

1

CLCNote (Rev 10/12)
65490/Note # 00003 - 060313/H. Tim Hoffman (CM)
I:\00-Common Documents\Autodocs\Data\F57FB09F-513D-40D8-57E2-5137E200A9E5\Clcnote1.Docx

Case: 15-04062    Doc# 1-1    Filed: 06/12/15    Entered: 06/12/15 13:20:34    Page 2 of 48

6.    Any financial statement provided by any of such parties to CNB is false or materially misleading;

7.    Any material default in the payment or performance of any obligation, or any default under any provision of any contract or instrument pursuant to which any of such parties has incurred any obligation for borrowed money, any purchase obligation or any other liability of any kind to any person or entity, including CNB;

8.    Any sale or transfer of all or a substantial or material part of the assets of any of such parties other than in the ordinary course of business;

9.    Any violation, breach or default under this Note, any letter agreement, guaranty, security agreement, subordination agreement or any other contract or instrument executed in connection with this Note or securing this Note;

10.    Failure of Borrower to furnish CNB, within the times specified, the following statements:

    10.1.    Current personal financial statements on CNB's form or in such other form acceptable to CNB, certified by Borrower to be true and correct due by December 1st of each year;

    10.2.    Copies of the Federal Income Tax Return, including all K-1 statements, and any amendments thereto and extensions thereof, for Borrower, certified to be true and correct due by December 1st of each year;

    10.3.    Copy of Borrower's case list due by June 30th and December 31st of each calendar year; and

        10.4    Such additional information, reports and/or statements as CNB may, from time to time, reasonably request; or

11.    Borrower mortgages, pledges, hypothecates, grants or contracts to grant any security interest of any kind in any property or assets, to anyone except CNB and in the ordinary course of business.

Upon the occurrence of any Event of Default, CNB, at its option, may declare all sums of principal and interest outstanding hereunder to be immediately due and payable without presentment, demand, protest or notice of dishonor, all of which are expressly waived by Borrower. Borrower agrees to pay all costs and expenses, including reasonable attorneys' fees (which counsel may be CNB employees), expended or incurred by CNB (or allocable to CNB's in-house counsel) in connection with the enforcement of this Note or the collection of any sums due hereunder and irrespective of whether suit is filed. Any principal or interest not paid when due hereunder shall thereafter bear additional interest from its due date at a rate of five percent (5.0%) per year higher than the interest rate as determined and computed above, and continuing thereafter until paid.

Should more than one person or entity execute this Note as Borrower, the obligations of each Borrower shall be joint and several.

2

CLCNote (Rev 10/12)
65490/Note # /H. Tim Hoffman (CM)
l:\00-Common Documents\Autodocs\Data\F57FB09F-613D-40D6-87E2-5137E200A9E5\Clcnote1.Docx

Case: 15-04062    Doc# 1-1    Filed: 06/12/15    Entered: 06/12/15 13:20:34    Page 3 of
48

City National Bank

TERM NOTE
(Interest Tied to Prime)

This Note and all matters relating thereto shall be governed by the laws of the State of California.

Borrower represents and warrants to CNB that (a) Borrower's most recent financial statements that have been delivered to CNB are true, complete and correct and fairly present the financial condition of Borrower as of the accounting period referenced on the statements, and there has been no material adverse change in the financial condition of Borrower since the date of such financial statements, and (b) Borrower's most recent federal income tax return and all schedules attached to such return ("Federal Tax Return") that have been delivered to CNB are a true and correct copy of such Federal Tax Return filed with the Internal Revenue Service for the tax period ending on the date indicated in such Federal Tax Return.

No failure or delay on the part of CNB in exercising any power, right or remedy under this Note will operate as a waiver thereof, and no single or partial exercise or waiver by CNB of any such power, right or remedy will preclude any further exercise thereof or the exercise of any other power, right or remedy. Borrower waives any applicable statute of limitations, presentment, demand for payment, and notice of dishonor, unless prohibited by applicable law. Borrower agrees that CNB may, at CNB's sole option, renew or extend the maturity date of this Note by giving Borrower prior written notice thereof, in which event the maturity date set forth in such notice will become the new maturity date of this Note.

"BORROWER"

H. Tim Hoffman

3

CLCNote (Rev 10/12)
65490\Note # /H. Tim Hoffman (CM)
h:00-Common Documents\Autodocs\Data\F57F509F-613D-40DB-87E2-5137E200A9E5\Clcnote1.Dotx

# EXHIBIT B

04/25/2014  15:31    -5108915346

DLA PIPER LLP (US)                         Kornfield, Nyberg, Bendes & Kuhner,
Attn: Singal, Vishali                      P.C.
555 Mission Street,                        Attn: Bendes, Charles N.
Suite 2400                                 1970 Broadway, Suite 225
San Francisco, CA   94105                  Oakland, CA   94612____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| City National Bank | No. RG14717501 |
| Plaintiff/Petitioner(s) | Order |
| VS. | Application for Right to Attach Order and Writ of Attachment |
| Hoffman | Granted |
| Defendant/Respondent(s) (Abbreviated Title) | |

The Application for Right to Attach Order and Writ of Attachment filed for City National Bank, a national banking association was set for hearing on 04/25/2014 at 09:00 AM in Department 25 before the Honorable Ronni MacLaren. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The application by Plaintiff City National Bank ("Plaintiff") for a right to attach order and order for issuance of a writ of attachment against Defendant H. Tim Hoffman ("Defendant") is GRANTED. Plaintiff has established the probable validity of its claim against Defendant for the principal amount of $1,528,847.71 plus $517.84 for estimated costs, that the claim arises out of a contract, and that it is entitled to a right to attach order in the total amount of $1,529,365.55. The court declines to limit the scope of the attachment, as requested by Defendant, to Defendant's residence at 7795 Cedar Mountain Road, Livermore, California, and the "Sutter Creek Ranch" property. Defendant has failed to provide adequate foundation or corroboration for his opinion regarding the present fair market value of these parcels of real property, particularly the "Sutter Creek Ranch" property. The evidence presented is insufficient to support a finding by the court that Defendant's equity in the properties "clearly exceeds" the amount necessary to satisfy the amount to be secured by the attachment. Code of Civil Procedure sec. 482.120.

The court finds that the funds in The H. Tim Hoffman Defined Benefit Pension Plan through City National Bank, described as an ERISA qualified plan, are exempt from attachment. Code of Civil Procedure sec. 704.115(b).

The court will not grant an exemption for funds in the IRA account through Centra, because Defendant has not made an adequate showing that the amounts in these plans are necessary to provide for the support of Defendant and his wife when he retires, taking into account all resources that are likely to be available for their support. Code of Civil Procedure sec. 704.115(e).

An undertaking in the amount of $10,000.00 will be required before the writ will issue.

Plaintiff is directed to submit directly to Department 25 a proposed order on Judicial Council Form No. AT-120 that is consistent with the court's ruling by no later than May 9, 2014.

---

Order

Defendant's request for judicial notice of his Notice of Motion to Transfer Venue is GRANTED. However, that motion was granted and thus no longer stays the present motion.

NOTICE: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, or any other hearing or trial in civil departments. See amended Local Rule 3.95.

Dated: 04/25/2014

Judge Ronni MacLaren

---

Order

## DECLARATION OF SERVICE BY FACSIMILE/MAIL

CASE NAME:        City National Bank vs. Hoffman
ACTION NO.:       RG1417501

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document ORDER – APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT was transmitted via facsimile and mail to the parties and counsel as shown on this document, and that the facsimile and mailing of the foregoing and execution of this certificate occurred at 1221 Oak Street, Oakland, California:

DLA Piper LLP (US)
ATTN: Frank T. Pepler
ATTN: Vishali Singal
555 Mission Street
Suite 2400
San Francisco, CA 94105
Fax: (415) 836.2501

Kornfield, Nyberg, Bendes & Kuhner, P.C.
ATTN: Bendes, Charles N.
1970 Broadway, Suite 225
Oakland, CA 94612
Fax: (510) 273.8669

I declare under penalty of perjury that the following is true and correct

Executed on April 25, 2014 by Dameda Scott at Oakland, California.

                                    Leah T. Wilson
                                    Executive Officer/Clerk of the Superior Court

                                    By:  *Dameda Scott*
                                         Deputy Clerk

# EXHIBIT C

# SECURITY AGREEMENT FOR RETIREMENT ACCOUNT

This Security Agreement ("Agreement") is entered into as of May 8, 2014 by the undersigned H. TIM HOFFMAN, an individual whose address is 7795 Cedar Mountain Road, Livermore, CA 94550 ("Debtor" or "Hoffman") in favor of and for the sole benefit of CITY NATIONAL BANK, a national banking association ("Secured Party" or "CNB"), whose address is 555 So. Flower St, Los Angeles, CA 90071 as follows.

## RECITALS

A.      CNB is Plaintiff and Hoffman is Defendant in that certain civil case commenced in the Superior Court of California for the County of Alameda and pending as Case. No. RG14717501 the "Action");

B.      CNB seeks to enforce, through the Action, its rights against Hoffman in respect of, among other things, a Term Note dated June 3, 2013 in the initial principal amount of $1,472,500 ("Term Note").  CNB asserts that the Term Note matured on September 15, 2013, is fully due and payable, and that Hoffman has failed to pay the Term Note in accordance with its terms.

C.      On April 28, 2014, a Right to Attach Order was entered in favor of CNB in the Action, entitling CNB to obtain and to levy on Writs of Attachment such of Hoffman's non-exempt real and personal property as are available to levy pursuant to California Code of Civil Procedure Section 487.010 et.seq, to secure judgment, if any, entered in favor of CNB and against Hoffman in the Action.

D.      Among the non-exempt assets that CNB has the right to levy by Writ of Attachment pursuant to the Right to Attach Order are all of Hoffman's right, title and interest in the retirement  account number 06H-820422, held by Cetera Investment Services LLC as Custodian FBO H Tim Hoffman at its office at 3726 Castro Valley Blvd, Castro Valley CA (the " IRA").

D.      Hoffman has requested that, notwithstanding CNB's right to do so under the Right to Attach Order, CNB refrain from levying a Writ of Attachment on Hoffman's interest in the  IRA and to accept, in lieu of such levy, a consensual security interest and assignment for security in and to the  IRA, to secure the full and faithful payment of the Term Note and judgment, as is set forth in this Agreement.

E.      CNB is prepared to grant certain of Hoffman's requests in respect of the  IRA, but only on the condition that Hoffman grant to CNB a personal property security interest in any and all of his right, title and interest in and to the  IRA, to be attached to the  IRA and perfected in favor of CNB, and providing to CNB the same level of assurance that levy of a Writ of Attachment levied under the Right to Attach Order would provide.

F.      Notwithstanding the execution and delivery of this Security Agreement, and the creation, attachment and perfection of a security interest in favor of CNB encumbering the  IRA, each of

WEST\248069564 2

Hoffman and CNB acknowledge that the Action will continue, the parties reserve their respective claims and defenses in respect thereto, and that CNB may take such other and further enforcement of its rights and remedies under the Right to Attach Order as it may believe, in its sole and absolute discretion, may be necessary or appropriate.

Now, therefore, the parties agree as follows:

## AGREEMENT

1.    **Granting Clause; Effect on CNB Rights Under Right to Attach Order:** Hoffman, as Debtor, hereby grants to CNB, as Secured Party, a first, prior and perfected, continuing security interest in and lien on and in the Collateral (as defined below) to secure the repayment of the Term Note and payment of any judgment entered in favor of CNB in the Action, if any (the "Obligations"). Upon execution and delivery of this Agreement by Debtor and Secured Party, with all blanks and information required by Debtor to be completed and confirmed as accurate by Secured Party, Secured Party agrees that it shall not seek to levy on the IRA under the Right to Attach Order, and shall accept the rights and protections granted by this Agreement in respect of the Collateral in lieu of the attachment rights granted under the Right to Attach Order. Debtor and Secured Party acknowledge and agree that all of CNB's rights and remedies under the Right to Attach Order shall continue in full force and effect in respect of any non-exempt property subject to levy thereunder, other than the IRA and the Collateral.

2.    **Securing Clause:** The security interest granted by Debtor secures his Obligations in the broadest meaning of that term, including the sums evidenced by the Term Note, the claims and causes of action stated in the Complaint initiating the Action, and all costs and expenses incurred by Secured Party in the Action or in establishing, determining, continuing, or defending the validity or priority of its security interest, or in pursuing its rights and remedies under this Agreement or in the Action; and all other costs of collecting all or any portion of the Obligations, including without limit attorney fees.

3.    **Collateral:** Collateral shall mean all of the Debtor's right title and interest in the IRA, whether now owned or hereafter acquired, together with all securities, securities entitlements, cash, or other liquid assets or similar property held by any security intermediary or depository institution in which the IRA is located and in which Debtor has an interest, wherever located:

4.    **Warranties, Covenants and Agreements of Debtor.** Debtor warrants, covenants and agrees as follows:

4.1    (a) Debtor is the lawful owner of the Collateral and has the right and authority to subject the Collateral to a security interest granted to Secured Party; (b) none of the Collateral is subject to any security interest other than that in favor of Secured Party; (c) there are no financing statements on file, other than in favor of Secured Party; (d) no person, other than Secured Party, has possession or control (as defined in the California Uniform Commercial Code) of any Collateral of such nature that perfection of a security interest may be accomplished by control; and (e) Debtor acquired its rights in the Collateral in the ordinary course of its business.

2

WEST\248069564 2

4.2    Debtor will keep the Collateral free at all times from all claims, liens, security interests and encumbrances other than those in favor of Secured Party. Debtor will not, without the prior written consent of Secured Party, sell, transfer, lease, encumber or permit to be sold, transferred or leased, any or all of the Collateral.

4.3    Debtor will do all acts and will execute or cause to be executed all writings requested by Secured Party to establish, maintain and continue an exclusive, perfected and first priority security interest of Secured Party in the Collateral, including but not limited to Debtor's authorization herein granted to file such Uniform Commercial Code financing statements as Secured Party may determine to be necessary or appropriate, and upon request by Secured Party to enter into such deposit account control agreements, securities account control agreements, or similar writing with any depository institution or securities intermediary in which the Collateral is held, whether directly or indirectly.

5.    **Enforcement and Application**.

5.1    Provided that Debtor is not in breach of any representation, warranty or covenant set forth in this Agreement, Secured Party shall not levy upon the IRA, and shall not enforce the security interest granted in the IRA hereunder, prior to entry of a final judgment in the Action in favor of Secured Party. Immediately upon entry of any judgment in the Action in favor of Secured Party, Secured Party shall give Debtor notice of entry of such judgment as provided in California Code of Civil Procedure section 644.5 (a) ("Notice of Entry of Judgment") and, unless the judgment has been timely stayed by court order or applicable law, Secured Party may, at its discretion and without prior independent notice to Debtor under the California Uniform Commercial Code, exercise any one or more of the following rights and remedies:

5.2    Exercise all the rights and remedies upon default, in foreclosure and otherwise, available to secured parties under the provisions of the Uniform Commercial Code of the State of California and other applicable law;

5.3    Without any previous demand, notice or other action other than the Notice of Entry of Judgment as set forth in Section 5.1, to instruct any depository institution or securities intermediary holding all or any portion of the Collateral to liquidate all or any portion of the Collateral and to provide the proceeds of such disposition to Secured Party pursuant to instructions satisfactory to Secured Party, in its sole and absolute discretion.

5.4    The proceeds of any sale or other disposition of Collateral authorized by this Agreement shall be applied by Secured Party first to expenses of enforcement of this Agreement, to attorney's fees and legal expenses incurred by Secured Party in connection with the Action; to interest accruing in respect of the Obligations at the default rate provided in the Promissory Note, or the post-judgment rate, as applicable, and thereafter to principal, then to any remaining Obligations not yet satisfied. Debtor shall remain liable for any deficiency remaining after disposition of the Collateral, which may be enforced against Debtor in accordance with California law.

3

5.5    Nothing in this Security Agreement is intended, nor shall it be construed, to preclude Secured Party from pursuing any other remedy provided by law for the collection of the Obligations or for the recovery of any other sum to which Secured Party may be entitled in connection with the Action, for the breach of this Agreement by Debtor, or otherwise.

6.    **Miscellaneous**.

6.1    Secured Party assumes no duty of performance or other responsibility in respect of the Collateral.

6.2    Debtor waives notice of acceptance of this Security Agreement and presentment, demand, protest, notice of protest, dishonor, notice of dishonor, notice of default, notice of intent to accelerate or demand payment of any Obligations, any and all other notices to which the undersigned might otherwise be entitled with respect to the enforcement of Secured Party's rights under this Security Agreement except Notice of Entry of Judgment.

6.3    This Security Agreement and all the rights and remedies of Secured Party under this Agreement shall inure to the benefit of Secured Party's successors and assigns and to any other holder who derives from Secured Party title to or an interest in the Obligations or any portion of it or the Collateral.

6.4    No amendment or modification of this Security Agreement shall be effective unless the same shall be in writing and signed by Debtor and an authorized officer of Secured Party. This Security Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without regard to conflict of laws principles.

6.5    This Agreement may be executed in counterparts, all of which, taken together, shall constitute one Agreement.

6.6    Debtor represents and warrants that Debtor's exact name is the name set forth in this Agreement.

6.7    Promptly upon the dismissal of the Action or the satisfaction in full of the Obligations, Secured Party shall promptly file a termination statement under the applicable provisions of the Uniform Commercial Code to evidence the termination of the security interest granted hereunder, and give notice to any securities intermediary or depository institution holding any portion of the Collateral that its security interest in the Collateral has terminated. Other than as expressly provided in the preceding sentence, this Agreement shall be terminated only by the filing by Secured Party of a termination statement in accordance with the applicable provisions of the California Uniform Commercial Code.

*[Signature Pages Follow]*

4

*[Signature Page to Security Agreement]*

**H. Tim Hoffman, Debtor**

By: _____

**City National Bank, a national banking association, Secured Party**

By:_____
Its:_____

5

*[Signature Page to Security Agreement]*

**H. Tim Hoffman, Debtor**

By:_____

**City National Bank, a national banking association, Secured Party**

By: _Recruit Lewis_____
Its: _Vice President_____

5

# EXHIBIT D



Investment Adviser Representative:
CRAIG J. ROSENBLATT
JAY K. ROSENBLATT

3726 CASTRO VALLEY BLVD
CASTRO VALLEY, CA 94546
(510) 317-2380

[98JB;KSB13)1913J3 06 01 23)

IRA FBO H TIM HOFFMAN
CETERA INVSTMNT SVC AS CUST
ROLLOVER ACCOUNT
7795 CEDAR MOUNTAIN ROAD
LIVERMORE, CA 94550



# Quarterly Performance Report
## March 31, 2014

Cetera | ADVISOR NETWORKS LLC
Member FINRA/SIPC

## Portfolio Summary

| Account Number | Registration | Program | Beginning Market Value as of 12.31.2013 | Deposits | Withdrawals* | Dividends/ Interest | Change in Market Value | Ending Market Value as of 03.31.2014 |
|---|---|---|---|---|---|---|---|---|
| | IRA FBO H TIM HOFFMAN | Preferred Asset Management | $ 178,713.52 | $ 0.00 | $ (449.78) | $ 621.41 | $ 3,470.92 | $ 182,356.07 |

* Withdrawals noted here include fees debited from the account.

| | |
|---|---|
| Portfolio starting value as of 05.19.2003 | $ 118,031.73 |
| Net deposits and withdrawals since inception | (14,800.75) |
| Net amount invested (NAI) | $ 103,230.98 |
| Gain/Loss from NAI | $ 79,125.09 |
| Portfolio ending value as of 03.31.2014 | $ 182,356.07 |

# EXHIBIT E

DLA PIPER LLP (US)                          Law Offices of Randall Crane
Attn: Singal, Vishali                       Attn: Crane, Randall
555 Mission Street,                         5256 Golden Gate Ave.
Suite 2400                                  Oakland, CA   94618____
San Francisco, CA   94105

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| City National Bank<br><div align="right">Plaintiff/Petitioner(s)</div><br><div align="center">VS.</div><br><br>Hoffman<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG14717501</u><br><br><div align="center">Order</div><br><div align="center">Order to Show Cause re Preliminary Injunction Granted</div> |

The Order to Show Cause re Preliminary Injunction filed for City National Bank, a national banking association was set for hearing on 10/16/2014 at 09:00 AM in Department 25 before the Honorable Ronni MacLaren. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The motion by Plaintiff City National Bank ("CNB") for an injunction requiring Defendant H. Tim Hoffman ("Defendant") to segregate and account for all accounts receivable or other rights to fee collections owed to Defendant or any law firm operated by Defendant as a proprietorship, and to to refrain from disbursing any such collected and segregated accounts receivable for any personal or business use until entry of judgment in this action, dismissal of this action, or further order of the court, is GRANTED IN PART.

The motion to prevent any disbursement of fees collected by Defendant or any law firm operated by him as a proprietorship for purposes of operating his law practice is DENIED. The balance of harms does not support the injunctive relief sought. CNB concedes that attachment of Defendant's law firm accounts receivables would likely severely disrupt his practice and the ability of his firm to receive payment. But the injunction sought has the same effect, since it prevents Defendant and his law firm(s), Hoffman Libenson Saunders & Barbra ("HLSB") from using funds it receives to continue operating the law practice. The requested relief does not provide any mechanism for the law firm to pay its monthly expenses. The proposed injunction is similar in nature to the prior request for appointment of a receiver, except that instead of a receiver making decisions about how to use funds received by the law firm to continue its operations, there would simply be no disbursement of funds to operate the law practice without a court order. This would likely result in court involvement in the continuing operations of the law firm(s), at great expense to the parties and creating a substantial burden on the court.

The motion to prevent any disbursement of fees collected by Defendant or any law firm operated by him as a proprietorship for the purpose of maintaining Defendant's ranch property, vineyard, and residence , or to pay for any other personal expenses of Defendant, is GRANTED. Defendant testified at his deposition that his personal expenses were paid from savings and the defined benefit plan and that mortgage payments on his real properties were paid from his personal account. Defendant does not show that it is necessary for him to use funds of $27,000 per month from his law practice to maintain his privately-owned real properties, and does not show that it is equitable to permit him to use funds that

---

could be used to repay the debt to CNB to pay any personal expenses. To enable CNB to determine that Defendant is complying with the injunction, Defendant must provide a monthly accounting of all receipts, rights to funds, and disbursements of the law firm HLSB or any other law firm operated by Defendant as his sole proprietorship. The accounting for the preceding month must be provided beginning on November 3, 2014 and by the first business day of each month thereafter until termination of this action. The court will consider a renewed motion by CNB for appointment of a receiver to take control of the finances of HLSB, or any other appropriate remedy, if Defendant fails to comply with this order or takes action reasonably construed as an attempt to evade the effect of the court's order.

NOTICE: The court does not provide court reporters for civil law and motion hearings, or any other hearing or trial in civil departments. See amended Local Rule 3.95.

Dated: 10/16/2014

_Ronni B MacLaren_ Digital
Judge Ronni MacLaren

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG14717501
Order After Hearing Re: of 10/16/2014

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 10/20/2014.
Leah T. Wilson  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

# EXHIBIT F



FILED
ALAMEDA COUNTY

DEC 2 3 2014

By _____

1
2
3
4
5
6
7
8 SUPERIOR COURT OF CALIFORNIA
9 IN AND FOR THE COUNTY OF ALAMEDA
10 UNLIMITED JURISDICTION
11

| | |
|---|---|
| CITY NATIONAL BANK, a national banking association, | **Case No. RG14717501** |
| Plaintiff, | **ORDER GRANTING PLAINTIFF CITY NATIONAL BANK'S RENEWED MOTION FOR APPOINTMENT OF LIMITED PURPOSE RECEIVER** |
| v. | |
| H. TIM HOFFMAN, an individual, and Does 1 through 50, | Assigned for All Purposes to Judge Ronni MacLaren Department 25 |
| Defendants. | Date: December 23, 2014 Time: 9:00 a.m. Reservation No.: 1580520 |
| | Verified Second Amended Complaint Filed: March 6, 2014 Trial Date: March 9, 2015 |

This matter came on for hearing after notice on December 23, 2014 at 9:00 a.m. pursuant to order shortening time entered orally by the Court on December 4, 2014 at the hearing on Plaintiff City National Bank's ("CNB") Notice of *Ex Parte* Application and Application (1) for Order to Show Cause Why Defendant Should Not Be Held In Contempt of the Court's October 16, 2014 Preliminary Injunction Order and (2) For Order Appointing a Limited Purpose Receiver. A written order shortening time for hearing on CNB's Renewed Motion for Appointment of Limited Purpose Receiver was subsequently entered, and CNB gave notice of entry of that written order. Pursuant to the Court's order shortening time, CNB filed its Renewed Motion for Appointment of Limited Purpose Receiver on December 9, 2014 (the "Receiver Motion"), together with a supporting Memorandum or Points and Authorities in Support of City National Bank's Renewed Motion for Appointment of Limited Purpose Receiver, and declarations of Frank T. Pepler and Vishali Singal, both of DLA Piper LLP (US) on behalf of CNB. Appearances were made at the hearing by Frank T. Pepler of DLA Piper LLP on behalf of CNB and Randall Crane on behalf of Defendant H. Tim Hoffman ("Defendant" or "Hoffman"). The Court having read and considered CNB's Renewed Motion for Appointment of Limited Purpose Receiver and the memorandum, declarations and pleadings filed in support thereof, the opposition to the Motion filed by Defendant, having heard the arguments of counsel, and good cause appearing:

IT IS HEREBY ORDERED that the Receiver Motion is granted, and that a receiver shall be appointed to administer certain of Defendant's business assets as provided below.

IT IS HEREBY ORDERED that A. Kyle Everett of Development Specialists, Inc. is hereby appointed Receiver in this action ("Receiver"), subject to the condition that before entering upon his duties as Receiver he shall take the oath to perform his duties as Receiver faithfully and file a bond required by Code of Civil Procedure 567(b) in the amount of $50,000, within two (2) Court days hereof, in this Department. This Order and the Receiver's powers shall be effective forthwith.

IT IS FURTHER ORDERED that the Receiver shall have the following powers and

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\252318455.2

-1-

ORDER APPOINTING LIMITED PURPOSE RECEIVER
RG14717501

Case: 15-04062    Doc# 1-1    Filed: 06/12/15    Entered: 06/12/15 13:20:34    Page 25 of
48

responsibilities, and shall have the following limitations on the scope of his authority:

1.    <u>Receivership Estate</u>. The Receiver shall be authorized and empowered to enter, gain access to and take immediate, complete and exclusive possession of the following property, hereafter referred to as the "Receivership Estate":

    a)  The Receiver shall have the full right power and authority to enter onto the premises of the law firm of H. Tim Hoffman Attorney at Law and office H. Tim Hoffman Mediator, the law firm of Hoffman, Libenson Saunders & Barbra, or any other sole proprietorship operated by Defendant H. Tim Hoffman through the payment in full of the obligations owed by Mr. Hoffman to CNB and the termination of this action (collectively, "Hoffman Firms"), and to inspect, copy, and otherwise examine the books and records of the Hoffman Firms. The Receiver may upon his appointment and from time to time thereafter at his reasonable request, request books and records relating to the Hoffman Firms or H. Tim Hoffman, from Defendant and from any accountant, bookkeeper, financial advisor or other representative or agent of either, and upon the Receiver's request such party, shall make such books and records available to the Receiver for inspection and copying.

    b)  The Receiver shall have the full right and power to collect any and all accounts receivable owed to Defendant, and any and all accounts receivable owed to Defendant doing business as any one of the Hoffman Firms. or to any associate, counsel of other representative acting on behalf of Defendant or HLSB. Defendant shall cooperate and assist the Receiver in collection of accounts receivable as provided above by, including without limitation, providing the Receiver with all engagement agreements, letters, fee sharing agreements, pleadings and other documents that evidence or relate to the right of Defendant to be paid legal fees, or to reimburse costs of litigation, all of which are considered to be part of the "books and records" identified in a) above. The Receiver shall further have full right, power and authority to contact any account receivable

debtor or other client or client representative in respect of which an account receivable is owed, to communicate orally and in writing with any court, arbitrator, class representative, or other representative of the client or client representative in respect of which an account receivable is owed to ensure that all proceeds thereof are paid to the Receiver and to determine, in the Receiver's reasonable judgment, the possibility of collection of such account receivable and the timing and amount to be collected thereon. The Receiver shall have the further right to collect any account receivable or other right to payment owed to Defendant for reasons other than the practice of law.

c) As of the date of appointment of the Receiver, the Receivership Estate shall not include the Defendant's residence located at 7795 Cedar Mountain Road, Livermore, CA, or the Defendant's Sutter Creek Ranch located in Amador County, CA, or the furniture, fixtures and related property located therein (collectively "Real Estate"). The Real Estate shall remain subject to the attachment liens levied by CNB pursuant to the Court's Order dated March 29, 2014, and any proceeds of disposition thereof shall be disbursed pursuant to such levies, but the maintenance, operation and sale of the Real Estate shall be within the discretion of the Defendant but at the sole costs and expense of the Defendant from his exempt assets. Pursuant to the Court's October 16, 2014 Injunction Order, no collection of fees and accounts receivable from the Hoffman Firms shall be used by Defendant for the payment of any expense related to the Real Estate or Defendant's personal expenses and the Receiver shall not disburse to Defendant any collections of fees and accounts receivable from the Hoffman Firms for payment of any of such expenses of Defendant. Nothing in this subparagraph 1.c) shall prejudice the right of CNB, upon properly noticed motion, to extend the scope of the Receivership Estate to include the Real Estate, nor the Defendant's right to oppose such expansion of scope.

2. <u>Authorized Actions and Operation of Receivership Estate</u>. The Receiver shall not be authorized to and shall not  become involved in any way with the practice of law at the Hoffman Firms.  The Receiver's role shall be limited to collection, segregation and accounting for collections of legal fees and expenses, to disbursement of funds from the "Receivership Account" to the "Operating Account," as defined below, to determining the extent of the accounts receivable and rights to fee collection constituting property of the Receivership Estate and the timing and expense associated with such collection, and to preservation of the Receivership Estate in accordance herewith. The Receiver shall be empowered and authorized, without further order of the Court, to take all of the following actions:

  a)  to designate a segregated deposit account at an approved depository (the "Receivership Account") into which the Receiver shall deposit or cause to be deposited accounts receivable or fee collections of any kind or nature arising from Defendants' practice of law, mediation, or other legal endeavors whether at the Hoffman Firms or otherwise (the "Case(s)"), and to provide such notices in whatever form he determines to be appropriate to ensure that all accounts receivable and fee collections made on the Cases shall be deposited to the Receivership Account.  The Receiver shall have the full power and authority to endorse any check made payable to the Hoffman Firms for deposit to the Receivership Account or otherwise negotiate any instrument made payable to the Hoffman Firms so that it may be deposited in the Receivership Account.  The Receiver shall have no authority to settle or compromise any Case and shall not interfere with the prosecution or settlement of any Case, all of which rights are reserved to the Defendant; provided however that the Receiver's compliance with the terms of this Order  shall not constitute interference.

  b)  to make monthly deposits to the Operating Account of not more than $15,000 in accordance with subparagraphs 2.e) and 2.f) below, for purposes of providing for the continued operation of the Hoffman Firms.

c) The Receiver shall have the full right and authority immediately upon entry of this Order, to transfer or cause to be transferred to the Receivership Account all amounts on deposit in any account in the name of the Hoffman Firms or in the name of Defendant that the Receiver determines holds accounts receivable or fee collections payable to the Hoffman Firms or generated as the result of the operation of the Hoffman Firms; provided however that the Receiver shall not take possession of any cash that he funds to the Operating Account pursuant to the terms of this Order.

d) The Receiver shall exercise sole and exclusive control over all the Receivership Account, and shall have the sole and exclusive authority to write checks drawn on this account or otherwise constituting property of the Receivership Estate. The Receiver shall, as soon as practicable following entry of this Order, open such other and further bank accounts at CNB as are required by this Order.

e) Following entry of this Order and as soon as practicable after the Receiver has been provided access to the Defendant's books and records in accordance herewith, the Receiver shall determine whether the sum of $15,000 per month is sufficient for the operation of the Hoffman Firms based on the historical expense of operation of the Hoffman Firms, without respect to disbursements to Defendant for personal expenses or expenses related to the Real Estate. The Receiver shall distribute to CNB and to Defendant a monthly budget of expenses to be paid from the Receivership Estate for the operation of the Hoffman Firms (the "Receivership Budget"), which budget shall not exceed $15,000 without recommendation by the Receiver, approval of CNB, and entry of a further order of the Court if required. The Receiver shall also deliver to CNB and to Defendant a monthly reconciliation of the prior month's expenses for the operation of the Hoffman Firms against the projected amounts set forth in the Receivership Budget. The Receiver shall have the sole and exclusive authority to determine what

expenses are ordinary, necessary and reasonable for the operation of the Hoffman Firms.

        f)  to deposit the sum of $15,000 per month from the Receivership Account to an account maintained by Defendant for the purpose of payment of operating expenses of the Hoffman Firms (the "Operating Account"), other than salary payable to Defendant. Defendant shall have signing authority on the Operating Account and shall make all payments to employees, vendors or service providers to the Hoffman Firms; provided, however, that the Receiver shall receive all statements thereon or in respect thereto as and when rendered by the depository account, or shall be provided electronic access to the Operating Account in lieu of receiving such statements, at the discretion of the Receiver.

        g)  The Receiver shall retain in the Receivership Account, all funds in excess of $15,000 per month, and all amounts on deposit in the Receivership Account shall be subject to the attachment rights of CNB pursuant to the Court's order granting motion for right to attach order and any and all attachments and levies made in accordance therewith.

        h)  Defendant shall pay all personal expenses, all expenses related to the Real Estate, and all other expenses unrelated to the Hoffman Firms from the defined benefit plan subject to the Defendant's claim of exemption or other property subject to an allowed claim of exemption, if any, and the Receiver shall not pay any of such personal expenses regardless of prior practice at the Hoffman Firms.

        i)  The instant action, City National Bank v. H. Tim Hoffman Civil Case No. RG14717501 shall not constitute property of the Receivership Estate, and the Receiver shall not have access to books, records, or correspondence between Defendant and his counsel in respect of this action.

    3.    <u>Expenditures</u>. The Receiver is authorized and required to make the following monthly disbursements from the Receivership Account and the Receivership Estate:

Case: 15-04062   Doc# 1-1   Filed: 06/12/15   Entered: 06/12/15 13:20:34   Page 30 of 48

a)  the expenses of administering the Receivership Estate upon

approval thereof by the Court;

b)  deposits to the Operating Account of $15,000 or such lesser or

greater amount as the Court may hereafter approve upon the recommendation of

the Receiver and upon  entry of further order of the Court.

c)  All other amounts shall be segregated for the benefit of CNB.

4.  Defendants' Duty of Noninterference.  Defendant and his partners, agents and

employees, any employee of the Hoffman Firms, and anyone claiming or purporting to claim by,

under, or through Defendant or the Hoffman Firms, are hereby enjoined and restrained from

interfering with or impeding the discharge of the Receiver's duties by the Receiver or persons

acting on behalf of the Receiver, or from withholding from the Receiver, or failing to deliver to

the Receiver, any of the assets, books, records, accounts receivable or other cash receipts and

other property to which the Receiver is entitled hereunder. Any action by Defendant taken in

violation of the provisions of this Order shall be punishable by contempt, and other appropriate

remedies.

5.  Retention of Cash.  For so long as CNB asserts that any portion of the "Term

Loan", the "Joint Credit Card" or "Individual Credit Card" (each as identified in the Verified

Complaint) remains outstanding, the Receiver shall retain in the Receivership Account all cash

collected from the Cases in excess of the amounts expressly provided for above. obligation to

make deposits to the Operating Account.

6.  Possession of Books and Records.  The Receiver shall take possession of all the

books and records of the Hoffman Firms and of Defendant maintained at the firms or by any

employee, agent or representative who maintains the books and records of the Hoffman Firms, in

any form or media including, but not limited to QuickBooks records, e-mails, paper records, or

such other electronic or manual accounting as is maintained by or in connection with the Hoffman

Firms, wherever located, as the Receiver deems necessary for the proper administration,

management and/or control of the Receivership Estate.  The Receiver shall provide Defendant

with such access to such information contained in the books and records as is required, in the

Case: 15-04062    Doc# 1-1    Filed: 06/12/15    Entered: 06/12/15 13:20:34    Page 31 of
48

1  reasonable judgment of the Receiver, for Defendant to continue the practice of law and to

2  maintain the Receivership Estate. The possession, review and analysis by the Receiver of the

3  books and records of the Hoffman Firms shall not constitute a third party disclosure for purposes

4  of maintaining the attorney-client privilege between the Hoffman Firms and any of its or their

5  clients, and the attorney-client privilege between the Hoffman Firms and any of its or their clients

6  shall at all times be maintained. The Receiver shall be deemed to hold the attorney-client

7  privilege between the Hoffman Firms and their clients to the extent required to discharge his

8  duties under this Order, and the Receiver shall not use any information received from the books

9  and records, pleadings, correspondence, files or other records, or such other information as may

10  be disclosed to the Receiver in interviews, conversations, emails or other methods of

11  communication between the Receiver and the Defendant or any other party acting on behalf of the

12  Hoffman Firms, other than in the discharge of his duties under this Order.

13        7.    Taxpayer ID numbers. The Receiver may use any Federal taxpayer identification

14  numbers relating to the Receivership Estate for any lawful purpose. Defendant shall provide said

15  taxpayer identification numbers to the Receiver immediately after entry of this Order, together

16  with the most recent tax returns filed by Defendant or on account of the Defendant.

17        8.    Inventory of Receivership Estate. The Receiver shall, within thirty (30) days of

18  his appointment hereunder, file in this action an inventory of all Cases and all accounts receivable

19  or rights to fee collections of any kind or nature due to the Defendant or the Hoffman Firms, and

20  any other property which he shall subsequently come into possession of, and he shall conduct

21  periodic accounts thereafter. The Receiver's inventory shall include, but not be limited to, a

22  listing of each case, arbitration, appeal or other similar engagement in which the Hoffman Firms

23  or Defendant, or any other law firm name used by Defendant has appeared or in which

24  Defendant has any interest in any fee or right to fee or expense recovery in such detail as the

25  Receiver may reasonably provide.

26        9.    Actions to Preserve Estate. The Receiver is authorized and empowered to (a)

27  execute and prepare all documents and to perform all acts, including, but not limited to,

28  agreements with third parties, either in the name of Defendant or in the Receiver's own name,

1 which in his reasonable judgment are necessary or incidental to preserving, protecting, managing,

2 operating and/or controlling the Receivership Estate, and (b) to do all things and incur risks and

3 obligations ordinarily done or incurred by owners or managers of businesses similar to the

4 Receivership Estate; provided, however, that no such risk or obligation shall be the personal risk

5 or obligation of the Receiver, but solely the risk or obligation of the Receivership Estate.

6       10.   Insurance Coverage. The Receiver shall determine upon taking possession of the

7 Receivership Estate whether or not, in his reasonable judgment, there is sufficient insurance

8 coverage for the Receivership Estate. If sufficient insurance coverage does not exist, the Receiver

9 may procure sufficient insurance on the Receivership Estate as soon as he is reasonably able to,

10 provided he has the funds available to do so, and during such period until the Receiver is able to

11 obtain coverage, the Receiver shall not be personally responsible for claims arising before the

12 procurement of insurance.

13       11.   Notice of Appointment. The Receiver, at his discretion, is authorized to notify all

14 necessary local, state and federal governmental agencies, including the California Franchise Tax

15 Board, the Internal Revenue Service and the California Board of Equalization, and all vendors

16 and suppliers, and any and all others who provide goods or services to the Receivership Estate, of

17 his appointment as Receiver.

18       12.   Collection of Mail. The Receiver may take any and all steps necessary to receive,

19 collect and review all mail addressed to the Hoffman Firms, to Defendant at the Hoffman Firms

20 or to any agent, employee or representative of the Hoffman Firms which the Receiver has

21 reasonably determined may contain invoices, notices or other documents related to the operation

22 of the Receivership Estate, or accounts receivable collections or other cash to which Receiver is

23 entitled as set forth herein, and the Receiver is authorized to instruct the U.S. Postmaster to

24 reroute, hold and/or release such mail to the Receiver. Mail reviewed by the Receiver in the

25 performance of his duties will promptly be made available to the addressee after review by the

26 Receiver; provided, however, the Receiver shall be authorized to remove, take possession of,

27 endorse and negotiate all checks or other instruments payable to the Hoffman Firms, to Defendant

28

or to any agent, employee or representative of HLSB or Defendant that would otherwise comprise the Receivership Estate.

13. **Employment of Agents.** Without further order of the Court, the Receiver is <u>not</u> authorized to employ any agents or employee, clerks, attorneys, or accountants to administer the Receivership Estate; provided however that the Receiver is authorized to utilize staff and resources of Development Specialists, Inc. in the discharge of his duties hereunder.

14. **Prohibited Agreements.** The Receiver shall not enter into an agreement with any party to this action about the administration of the Receivership or about any post-receivership matter.

15. **Prosecution and Defense of Actions.** Without further order of the Court, the Receiver is not authorized to institute, prosecute, defend, compromise, intervene in or otherwise become a party to any suits, actions or proceedings.

16. **Turnover of Funds by Third Parties.** Any bank, savings and loan association, broker, escrow agent, title company, and any other financial institution or other entity, wherever located, which is served with a copy of this Order shall, if requested by the Receiver, immediately freeze all funds belonging to the Receivership Estate, under the entity's possession custody and control and, within ten (10) days of service, turn over or transfer to Receiver all property and/or funds properly belonging to the Receivership Estate (as specified in Paragraph 1 above) which are in such entity's possession, custody or control, together with all records relating to such Property and/or funds.

17. **Monthly Reporting.** Each month the Receiver shall prepare and serve on the parties, but not file with the Court, an accounting of the cash receipts and disbursements paid in the administration of the Receivership Estate, including the Receiver's fees and expenses, the unpaid administrative and operating expenses incurred but not paid and including the amounts of cash remittances maintained by the Receiver and remitted to CNB in accordance with this Order.

18. **Compensation of Receiver.** The Receiver shall be entitled to interim monthly compensation for his services at his usual and customary hourly rates and shall be reimbursed for

all expenses incurred by him on behalf of the Receivership Estate. The Receiver may pay the Receiver's own fees and expenses by either of the following procedures:

(a) By serving on all parties a notice of intent to pay to which no objection is served on the Receiver within 20 days of the date the notice is served;

(b) By filing the Receiver's final account and report, which the Court then approves.

(c) Notwithstanding the periodic payment of Receiver's fees and administrative expenses, the interim fees paid shall be subject to final approval by this Court, and this Court retains jurisdiction to award a greater or lesser amount as the full, fair and final value of such services. The Receiver has represented to CNB that he will bill the Receivership Estate at a blended hourly rate not in excess of $325 per hour. The Receiver shall not charge the Receivership Estate for the Receiver's general office administration expenses, office supplies, telephone charges, copy charges, postage or clerical charges such as word processing and filing or for such similar expenses for Development Specialists, Inc. Allowable expenses of the Receiver include, but are not limited to, transportation expenses required for the Receiver to perform his duties, the cost of Receiver's bond, court filing fees and service fees as is required or permitted by this Order.

19. <u>Application for Further Instructions</u>. The Receiver, or any party to this action, may from time to time, and on due notice to all parties, whether by ex parte application or noticed motion, make application to this Court for further orders instructing the Receiver or for additional powers necessary to enable the Receiver to perform the Receiver's duties properly.

20. <u>Receiver's Final Report and Account and Discharge</u>.

(a) <u>Motion Required</u>. Discharge of the Receiver shall require a Court Order upon noticed motion for approval of the Receiver's final report and account and exoneration of the Receiver's bond.

(b) <u>Time</u>. As soon as practical after the Receivership terminates, the Receiver shall file, serve, and obtain a hearing date on a motion for discharge and approval of the final report and account.

SAN FRANCISCO

WEST\252318455.2

-11-

ORDER APPOINTING LIMITED PURPOSE RECEIVER
RG14717501

Case: 15-04062    Doc# 1-1    Filed: 06/12/15    Entered: 06/12/15 13:20:34    Page 35 of 48

1           (c)    Notice. The Receiver shall give notice to all persons of whom the Receiver

2 is aware who have potential claims against the Receivership Estate.

3           (d)    Contents of Motion. The motion to approve the final report and account

4 and for the discharge of the Receiver shall contain the following:

5               (1)    Declaration or Declarations. A declaration or declarations: (i)

6 stating what was done during the Receivership, (ii) certifying the accuracy of the final

7 accounting, (iii) stating the basis for the termination of the Receivership (such as foreclosure or

8 reinstatement), and (iv) stating the basis for an order for the distribution of any surplus or

9 payment of any deficit.

10               (2)    Accounting Summary. A summary of the Receivership accounting,

11 which shall include (i) the total revenues received, (ii) the total expenditures identified and

12 enumerated by major categories, (iii) the net amount of any surplus or deficit, and (iv) evidence

13 of necessary supporting facts.

14     21.    CNB's Notice to Receiver. CNB shall promptly notify the Receiver in writing of

15 the names, addresses, and telephone numbers of all parties who appear in the action and their

16 counsel. The Parties shall give notice to the Receiver of all events that affect the Receivership.

17     22.    Bankruptcy, CNB's and the Receiver's Duties. If Defendant files a bankruptcy

18 case during the Receivership, CNB shall give notice of the bankruptcy case to the Court, to all

19 Parties, and to the Receiver by the close of the next business day after the day on which CNB

20 receives notice of the bankruptcy filing. If the Receiver receives notice that a bankruptcy has

21 been filed and part of the bankruptcy estate includes Property that is the subject of this Order, the

22 Receiver shall have the duty to comply with any bankruptcy court order for relief from the

23 automatic stay entered under 11 U.S.C. § 362, or order for turnover entered under 11 U.S.C. §

24 543. Notwithstanding the foregoing, if CNB intends to seek relief immediately from both the

25 automatic stay and the Receiver's obligation to turn over the Property, the Receiver may remain

26 in possession and preserve the Property pending the ruling on those motions.

27     IT IS FURTHER ORDERED that in addition to all of the powers set forth above, the

28 Receiver is hereby vested with all of the general powers of Receivers in cases of this kind, subject

1    to the direction of this Court, and the Receiver shall, from time to time, or when directed by the

2    Court, render to the Court reports of the proceedings and accountings with respect to all of the

3    acts and things done by him and all monies received and expended by Receiver or his agents.

4        IT IS SO ORDERED.

5    Dated: _Dec. 23, 2014_          _Ronni B. MacLaren_
6                                    JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA Piper LLP (US)
San Francisco

WEST\252318455.2                    -13-
                              ORDER APPOINTING LIMITED PURPOSE RECEIVER
                              RG14717501

CLERK'S CERTIFICATE OF SERVICE BY MAIL
CCP 1013a(3)

CASE NAME:      City National Bank vs. H. Tim Hoffman et al.
ACTION NO.:     RG14717501

I certify that I am not a party to the within action. I served the foregoing ORDER GRANTING

PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF RECEIVER by depositing a

true copy thereof in the United States mail in Oakland, California in a sealed envelope with

postage fully prepaid thereon addressed to:

Frank Pepler
DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Randall Crane
Law Office of Randall Crane
5256 Golden Date Ave.
Oakland, CA 94618-2032

I declare under penalty of perjury that the following is true and correct.

Executed on December 24, 2014 in Oakland, California

Leah T. Wilson,
Executive Officer/Clerk

by    *Shanika Monroe*
Deputy Clerk

EXHIBIT G

# H. TIM AND VICKI HOFFMAN
## Balance Sheet
(includes unrealized gains)
### 3/21/13



| ASSETS | Balance |
|---|---|

**Cash and Bank Accounts**

| | |
|---|---|
| California Bank Trust IRA (Tim) A/c# 7810986-52,53,54 | 22,801.64 T |
| Summit Bank Certificate of Deposit | 10,677.00 |
| Summit Bank IRA (Tim) | 10,804.02 T |
| Comerica Bank-Lincoln Trust IRA (Tim) | 27,052.49 T |
| Comerica Bank CD Combined | 27,098.48 |
| City National Bank - A/c# 432619117        pers.ck | 1,052.00 |
| City National Bank | 1,136.00 |
| Hamilton Federal | 3,055.44 |
| City National Bank - Money Market - Tim's A/c# 450135283 | 11,677.52 |
| City National Bank - Money Market - Vicki  A/c#450135291 | 1,103.21 |
| **Total Cash and Bank Accounts** | **116,457.80** |

**Other Assets**

| | |
|---|---|
| Florida Boca Raton Property | |
|     240 - NW 9th Street, Boca Raton, FL 33432-2354 | 280,000.00 ✓ |
| Hoffman & Lazear Law Firm  (Cases to be paid in 2013) | 3,450,000.00 |
| Hoffman & Lazear  (Other pending cases, 2013 and future) | 11,900,000.00 |
| Life Insurance Cash Value | 525,000.00 ✓ |
| Office Furniture | 9,475.00 ✓ |
| Optima Limited Realty Trust | 125,000.00 ✓ |
| Oriental Rugs and Collectibles | 278,380.42 ✓ |
| Primary Residence - 7795 Cedar Mountain Rd, Livermore, CA | 3,500,000.00 ✓ |
| Ranch - Sutter Creek, CA | 3,950,000.00 ✓ |
| 18942 Shake Ridge Road, Sutter Creek, CA | 315,000.00 ✓ |
| Horses - 6 | 100,000.00 ✓ |
| **Total Other Assets** | **24,432,855.42** |

**Investments**

| | |
|---|---|
| AM Howells Brokerage Company | 738.98 ✓ |
| Defined Benefit Cash Value | 120,000.00 ✓ |
| Fidelity IRA (Vicki) | 4,854.92 ✓ |
| Franklin Fund (Vicki) | 100,756.22 ✓ |
| Hoffman & Lazear Profit Sharing - Money Market | 6,389.33 |
| Hoffman & Lazear Profit Sharing - A/c# 879676100 | 1,000,000.00 |
| American General Life Insurance | 10,998.72 ✓ |
| Financial Networks | 143,802.25 ✓ |

| | |
|---|---|
| **Total Investments** | **1,387,540.42** |
| **TOTAL ASSETS** | **25,936,853.64** |

Waiver for late receipt of _PFS_

Due on _12/1/12_  Rec'd on _3/22/13_

Date

Approved

EXHIBIT

5



# H. TIM AND VICKI HOFFMAN
## Balance Sheet
(includes unrealized gains)
**3/21/13**

## LIABILITIES AND EQUITY

### LIABILITIES

**Other Liabilities**

| | |
|---|---:|
| First Republic Bank - 7795 Cedar Mountain Rd, Livermore, CA | 2,600,000.00 |
| First Republic Bank - Ranch, Sutter Creek, CA | 1,108,566.66 |
| Wells Fargo Home Mortgage - 18942 Shake Ridge Road, Sutter Creek, CA A/c# 0076208685 | 270,450.00 |
| City National Bank - Line of credit - Note # 3 | 1,500,000.00 |

| | |
|---|---:|
| **Total Other Liabilities** | **5,479,016.66** |
| **TOTAL LIABILITIES** | **5,479,016.66** |
| **EQUITY** | **20,457,836.98** |
| **TOTAL LIABILITIES AND EQUITY** | **25,936,853.64** |

# EXHIBIT H

RECEIVED MAR 22 2013

| Hoffman and Lazear Cases - Open | | | | | February 28, 2013 | | | |
|---|---|---|---|---|---|---|---|---|
| Case Name: | Closed/ Settled | Lead Atty. | Case Type | Class or Individual | Initial Fee Prediction | Date Closed | Projected close Date | Fees expected Rec. 2010-11 |
| Kovel vs. AT & T | | | | | | | 2014 | 2,000,000.00 |
| Addison v. Adobe Systems | | | | | | | 2013 | 50,000.00 |
| Arechiga, Melissa v. Ross | | | | | | | 2013 | 100,000.00 |
| Benato vs. Nielson | | | | | | | 2013 | 500,000.00 |
| Bernard v. Union Bank | | RLL, HTH | | | | | 2013 | 500,000.00 |
| Boehm, Eric v. First Student Inc | | | | | | | | |
| Dardarian v. Crate & Barrel/Euromarket | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Dardarian v. Office Max | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Dardarian v. Sur La Table | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Dardarian v. Pottery Barn | | AWL, CAS | | | | | 2013 | 100,000.00 |
| DeMeranda vs. Stepping Stone | | | | | | | 2013 | 100,000.00 |
| Eshagh v. Terminix | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Gersten v. Deloitte & Touche | | HTH | | | | | 2013 | 1,000,000.00 |
| Gormley v. Nike | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Harris vs. I.B.D. | | | | | | | | |
| Ho, D. v. Ernst & Young | | | | | | | 2013 | 2,000,000.00 |
| Kend vs. The Wine Group | | | | | | | 2013 | 500,000.00 |
| Landeros v. Wal Mart Stores | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Laderos v. Party City | | AWL, CAS | | | | | 2013 | 200,000.00 |
| Lofstrom vs. Miasole | | | | | | | 2013 | 250,000.00 |
| Martinez v. Guild | | CAS, AWL | Overtime | | | | 2013 | 50,000.00 |
| Montout v. North Bay Health Care | | | | | | | | |
| Morris v. Ernst & Young | | | | | | | | |
| Outland v. Macy's | | HTH | | | | | | |
| Ramirez, Lydia v. Lee, Hartford Ins | | | | | | | 2013 | 2,000,000.00 |
| Ramirez v. Wells Fargo | | | | | | | | |
| Richards v. Ernst & Young | | RLL | | | | | 2013 | 100,000.00 |
| Rondone v. Orchard Supply | | HTH | | | | | | |

Waiver for late receipt of _____ _____

Due on 12/31/12 Rec'd on 3/22/13

_____ 2/22/13

Approved    Date

EXHIBIT SB 1  Hoffman 7-214  PENGAD 800-631-6989

| Case Name: | Closed/ Settled | Lead Atty. | Case Type | Class or Individual | Initial Fee Prediction | Date Closed | Projected close Date | Fees expected Rec. 2010-11 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| Rose v. Lincare Corp | | HTH | | | | | | |
| Schuman, J. v. Clark Pest Control | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Seebrook v. The Children's Place | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Seebrook v. The Gymboree Corp | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Seebrook v. Stride Rite | | AWL, CAS | | | | | 2013 | 100,000.00 |
| Silver v. Atenna | | HTH | over charge | | | Open | 2013 | 250,000.00 |
| Southerland v. Ernst & Young | | | Overtime N.Y. | | | | 2013 | 1,000,000.00 |
| | | | | | | | | |
| Steiner v. Apple (Battery) | | HTH | | | | Open | 2013 | 250,000.00 |
| Su-Ortiz v. Union Bank | | HTH | | | | | 2013 | 2,000,000.00 |
| Sutherland, S. v. Ernst & Young | | HTH | | | | | | |
| Sylvia v. Clark Pest Control | | AWL, CAS | | | | | | |
| Till v. Saks Fifth | | | | | | | 2013 | 500,000.00 |
| Weiss v. Griffith, San Miguel | | | | | | | | |
| Vuong vs. Wells Fargo Bank | | HTH | Overtime | | | Open | 2013 | 100,000.00 |
| | | | | | | | | |
| Totals | | | | | | | | 14,550,000.00 |

| CASE | PROJECTED CASE VALUE | ESTIMATED SETTLEMENT DATE |
|---|---|---|
| **Benado v. Nielsen** | $400,000 | 2014 |
| **Bernard v. Union Bank  CGC-10-504021** | $250,000 | 2014 |
| **Dardarian v. Pottery Barn/ WS** | $100,000 | 2014 |
| **Dardarian v. OfficeMax, Inc. - 3:11-cv-00947-SBA** | $250,000 | 2014 |
| **Confidnetial Arbitration** | $2.5 million | 2014 |
| **Doug Fields v. Brocade** | ? | 2016 |
| **Gersten v. Deloitte & Touche - 1:11-cv-02461-RMB -THK** | $250,000 | 2016 |
| **Ho / Richards - Ernst & Young - USDC-SJ - CV-05 04867 JF** | 250,000 | 2016 |
| **Kartsonis v. Symantec** | $100,000 | 2016 |
| **Koval V. Pac Bell FEDERAL  3:12-cv-01627-LB**<br><br>**Koval V. Pac Bell RG 08-414626** | $300,000 | 2015 |
| **Landeros v. Party City 2:11-cv-01636** | $100,000 | 2015 |
| **Perez v. NCM Contracting group** | $250,000 | 2016 |
| **Shannon v. City of Los Altos** | $500,000 | 2014 |
| **Silver, Allan & MaryEllen v. AETNA -2:07-cv-03541 FSH-PS** | $500,000 | 2015 |
| **Silver v. Mountview Hotel** | ? | 2015 |
| | | |



# EXHIBIT I

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

415.836-2500

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

DLA Piper LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105
USA

DOCUMENT NUMBER: 42935290002
FILING NUMBER: 14-7411178004
FILING DATE: 05/08/2014 16:45
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| | |
|---|---|
| **1a. ORGANIZATION'S NAME** | |

OR

| **1b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Hoffman | H | Tim | |

| **1c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 7795 Cedar Mountain Road | Livermore | CA | 94550 | USA |

| **1d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **1e. TYPE OF ORGANIZATION** | **1f. JURISDICTION OF ORGANIZATION** | **1g. ORGANIZATIONAL ID#, if any** ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| | |
|---|---|
| **2a. ORGANIZATION'S NAME** | |

OR

| **2b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| **2c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| **2d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any** ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| | |
|---|---|
| **3a. ORGANIZATION'S NAME** | City National Bank |

OR

| **3b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| **3c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 555 So. Flower St, | Los Angeles | CA | 90071 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of H Tim Hoffman's right, title and interest in the retirement account held by Cetera Investment Services LLC as Custodian FBO H Tim Hoffman.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**☐ 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)** [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

372292-000045

FILING OFFICE COPY

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

4158362500

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

DLA Piper LLP
555 Mission Street
Ste 2400
San Francisco, CA 94105
USA

DOCUMENT NUMBER: 42936470002
FILING NUMBER: 14-74111875
FILING DATE: 05/08/2014 18:44
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**

14-7411178004

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.　☐ DELETE name: Give record name to be deleted in item 6a or 6b.　☐ ADD name: Complete item 7a or 7b, and also item 7c

**6. CURRENT RECORD INFORMATION:**

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID#, if any ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☑ restated collateral description, or describe collateral ☐ assigned.

Debtor H. Tim Hoffman's right, title and interest in the retirement account held by Cetera Investment Services LLC as Custodian FBO H Tim Hoffman ("IRA"), whether now owned or hereafter acquired, together with all securities, securities entitlements, cash, or other liquid assets or similar property held by any security intermediary or depository institution in which the IRA is located and in which Debtor H. Tim Hoffman has an interest, wherever located.

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this amendment.

| OR | a. ORGANIZATION'S NAME City National Bank | | | |
|---|---|---|---|---|
| | b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY